UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WESLEY C. JONES,

                        Plaintiff,

    -against-

DOCCS IN ALBANY NEW YORK, *et al.*,

                       Defendants.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-CV-04688 (JMA) (ST)

FILED
CLERK

10:17 am, Sep 06, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Pro se Plaintiff Wesley Jones filed a complaint with an *in forma pauperis* application on June 26, 2026. (ECF Nos. 1-2.) At the time the complaint was filed, Plaintiff was incarcerated at the Suffolk County Correctional Facility. (See Compl., ECF No. 1 at ¶ III.) However, on July 17, 2024, mail sent to Plaintiff at that address was returned marked "Discharged." (See ECF Nos. 7-8.) Also, on July 17, 2024, Plaintiff sent a Notice of Change of Address apprising the Court that he has been transferred to the Ulster Correctional Facility and his address of record was updated accordingly. (See ECF No. 9.) Accordingly, the Court re-mailed the original correspondence to Plaintiff at the Ulster Correctional Facility. Plaintiff, however, has not responded to the Court's mailings and, according to the information maintained by the New York State Department of Corrections and Community Supervision, Plaintiff is no longer in custody, having been released on July 29, 2024. (See https://nysdoccslookup.doccs.ny.gov/ (last visited on September 6, 2024).)

    "The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." Rickenbacker v. Town of Babylon, No. 21-CV-4517, 2021 WL 4122581, at *1 (E.D.N.Y. Sept. 8, 2021) (internal quotations omitted). "As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact

plaintiff." Greene v. Sposato, No. 16-CV-1243, 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019).

**Plaintiff is ordered to update his address in writing within 14 days from the date of this Order.  If Plaintiff fails to do so, this action may be dismissed.** "If a pro se litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." Rickenbacker, 2021 WL 4122581, at *1 (internal quotations and alterations omitted); see Szabo v. City of New York, No. 16-CV-3683, 2022 WL 11213513, at *3 (E.D.N.Y. Oct. 19, 2022) ("Courts have repeatedly held that a plaintiff's failure to maintain an address with the Court is a sufficient ground to dismiss for failure to prosecute." (internal quotations and alterations omitted)).

The Clerk of the Court shall mail this Order to Plaintiff at the Ulster Correctional Facility although he is unlikely to receive it there.  This Order will also be posted on the Court's electronic docket where Plaintiff may view it from any computer with Internet access.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   September 6, 2024
         Central Islip, New York

                                                        /s/ (JMA)
                                                   JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE

2